FRANK D. UPCHURCH, Jr., Judge.
This is an appeal from an amended order granting summary judgment in favor of appellees on the issue of settlement and a final judgment awarding them damages.
Appellees’ attorney sent two settlement demands to State Farm. The second demand offered to settle for policy limits but was conditioned on State Farm’s tender of these limits within twenty-one days of the date of the letter. Between December 5th and 8th, 1978, State Farm’s adjuster called to say the company would settle for policy limits but that because of a heavy work load, there might be a delay in issuing the drafts, which would be mailed “as soon as possible.” The State Farm representative in his affidavit contended that appellees’ attorney “approved this procedure.” The attorney’s affidavit contended that he had reiterated that the drafts had to be in his office by the twenty-first day.
The drafts did not arrive until December 14, 1978, three days after expiration of the twenty-one day period and one day after the instant suit was filed. State Farm answered alleging settlement. The trial court concluded that the affidavits did not reflect an issue of fact as to the settlement question and entered summary judgment finding that no settlement had occurred. Suit proceeded and the jury awarded substantial damages, many times in excess of the policy limits.
We have concluded that there was an issue of material fact as to whether there was a settlement and reverse for trial on this issue. Appellees, as the parties moving for summary judgment, were required to show that there exists no genuine issue as to any material fact and that they were entitled to judgment as a matter of law. Wills v. Sears Roebuck & Co., 351 So.2d 29 (Fla.1977). The proof must be such as to overcome all reasonable inferences which may be drawn in favor of the opposing party. Holl v. Talcott, 191 So.2d 40 (Fla.1966). While the statement of State Farm’s adjuster that appellees’ attorney “approved this procedure” is imprecise, it raises a reasonable inference that the attorney agreed to a delay.
REVERSED and REMANDED for trial on the settlement issue.
ORFINGER, J., concurs.
COWART, J., dissents with opinion.