GLICKSTEIN, Judge.
This is a petition for certiorari to review an order of the circuit court reversing ap-pellee’s conviction in county court for possession of cannabis. We grant the petition.
The circuit court found that the trial court committed reversible error when it denied respondent’s motion to suppress marijuana. The circuit court based this finding on the fact that the arresting officer never advised respondent of alternatives to impoundment of the vehicle he was driving, said to be required in Miller v. State, 403 So.2d 1307 (Fla.1981), as a result of which the subsequent inventory search of the vehicle was found to be improper, Higgins v. State, 422 So.2d 81 (Fla. 2d DCA 1982).
The circuit court also held that the evidence of possession of marijuana presented at trial was insufficient as a matter of law. It is not clear whether the latter finding was predicated on the suppression of the marijuana found in the vehicle during the search, or was reached independently of the suppression issue.
According to Miller, available alternatives to impoundment must be given consideration “when a competent owner or possessor is present or reasonably available.” 403 So.2d at 1313. Included in a not all-inclusive list of reasonable and necessary impoundments in Miller is that of “an unattended car at the scene of an accident where the driver is physically or mentally incapable of deciding what steps to take to deal with his vehicle such as might occur when the driver is seriously injured, mentally incapacitated, or severely intoxicated.” Id.
Here there was substantial evidence that at the time of the arrest respondent was intoxicated. The officer, dispatched to an Exxon station on a report of a “gas drive-off,” observed respondent asleep behind the wheel of a car which was still in gear and running, and which was up against the Exxon sign, partially blocking the south driveway of the station. The officer turned off the engine and checked to see if the driver was not injured. A station employee identified the driver as the earlier *418 drive-off. The officer had difficulty rousing the driver, but did so. When, on the officer’s instructions, the driver exited the car, he appeared unsteady and was sweating profusely, albeit his speech was “not too bad.” He was disoriented as to his location; he thought he was on Sample Road, when he was actually on Federal Highway. He gave only a first name, Billy, when asked to identify himself.
Based on his judgment of the respondent’s condition, the officer said, he did not think the respondent was competent to make an intelligent judgment on options other than impoundment. The owner of the gas station objected to the car’s being left at the station because it would interfere with business.
The trial court made a finding, based on the officer’s testimony, that respondent was intoxicated and the officer was not required to consult him on how to secure the automobile. We think the trial court finding was supported by competent, substantial evidence, and should not have been disturbed. A reviewing court is not entitled to reweigh the evidence, but, only to determine whether the trial court’s finding had the support of competent, substantial evidence. To do otherwise is to depart from the essential requirements of law.
We find it unnecessary to consider whether the principles enounced in Colorado v. Bertine, 479 U.S. 367, 107 S.Ct. 738, 93 L.Ed.2d 739 (1987), are applicable to the instant case. Bertine teaches that an inventory search conducted in good faith by an officer after applying standardized criteria set forth in departmental regulations respecting alternatives to impoundment, but without consultation of the owner/possessor, does not violate the Fourth Amendment.
As to the question of actual or constructive possession, pertinent evidence included the following. The officer testified he saw in open view in the back seat area, when he was near the car, a homemade contraption that looked like a bong. During the inventory search, he found in the console between the two front seats a transparent plastic bag which contained marijuana.
The defendant’s wife had come into possession of the vehicle on Wednesday when she accompanied her employer to the west coast of Florida to retrieve it from a salesman. It remained in her possession Thursday and Friday, on which day she made two emergency trips to the hospital and ended up hospitalized.
On Saturday morning, having no other transportation, the defendant used the car to drive to work. Saturday afternoon he was carrying two passengers when he fled the gas station. He screeched the wheels, turned around, and left the gas hose on the deck, after taking $16 worth of gasoline. The arrest occurred later that afternoon.
Actual or inferred knowledge by the accused of the presence of the contraband is an essential element of the crime of possession. Knowledge is a factual issue to be resolved by the jury.
Here the state had made out a sufficient case to support submission of the issue to the jury, and the verdict is supported by competent substantial evidence.
Judgment should not have been reversed.
HERSEY, C.J., concurs.
WALDEN, J., dissents without opinion.