627 So.2d 1257 (1993)
Thomas L. SMIDDY; Santos M. Garcia; Omar Morgan; Francisco Gonzalez; Adelain Aragon; Magdaline Roberts; Oquelly Gonzalez; Fernando Marrero; Reyes Sanchez; Patrick Theard; Raymond Y. Johnson; Simon Arteaga; Michael Higgins; and Julio Delgado, Petitioners,
v.
The STATE of Florida, Respondent.
Nos. 93-1149, 93-1894, 93-687, 93-686, 93-684, 93-685, 93-682, 93-681, 93-680 and 93-679.
District Court of Appeal of Florida, Third District.
December 7, 1993.
Rehearing Denied January 14, 1994.
Bennett H. Brummer, Public Defender, and Howard K. Blumberg, Asst. Public Defender, for petitioners.
Robert A. Butterworth, Atty. Gen., and Angelica D. Zayas, Asst. Atty. Gen., for respondent.
Robert S. Reiff and H. Scott Fingerhut, for Florida Ass'n of Crim. Defense Lawyers-Miami Chapter and American Civ. Liberties Union of Florida, as amici curiae.
Before NESBITT, BASKIN and GERSTEN, JJ.
BASKIN, Judge.
Petitioners, defendants below, seek writs of certiorari to quash a decision of the circuit court, appellate division, reversing county court orders dismissing charges against defendants. We grant the petitions.
In 1990, petitioners were arrested and charged in county court with driving under *1258 the influence [DUI]. The officers processing the petitioners did not videotape the administration of petitioners' sobriety tests. Petitioners filed motions to dismiss the pending charges, arguing that they had been denied due process: Petitioners asserted that in 1990, contrary to existing policy, the officers had ceased videotaping all DUI suspects, and instead were selectively videotaping drivers in cases where the tape would aid in conviction but not videotaping drivers where the tape would lead to acquittal.
During the two-day hearing on the motion, the parties presented extensive testimony. Petitioners offered testimony of City of Miami Police Department [Department] DUI supervisors who stated that the Department's policy was to videotape all DUI arrestees, and that all officers under supervision had been instructed to carry out that policy. The state asserted that the Department's new sobriety test made the videotaping unnecessary. Some officers testified that they stopped videotaping drivers after the former sobriety test was abandoned; other officers testified that they continued to videotape drivers although they ceased performing that test. Another officer testified that he videotaped drivers when he was "in the mood." Despite testimony from some officers that the videotaping equipment at the north police station was inoperable, a video taken with that equipment, by another officer, was introduced.
The county court determined that the officers had violated Department policy by failing to videotape drivers and that the officers intended to avoid gathering exculpatory evidence, conduct the court found to be a demonstration of the officers' bad faith. After ordering a case-by-case review of all the cases, the court entered orders dismissing the charges against petitioners. The state appealed the orders to the circuit court, appellate division.
The circuit court reversed the orders, finding that the Department did not violate any state or federal due process rights. The court found that the evidence indicated: 1) that videotaping was no longer a policy because the crimper test was not in use; 2) that the police had no duty to preserve evidence; and 3) that their bad faith actions were irrelevant. Petitioners seek certiorari review of the appellate division's decision.
We hold that the circuit court, in reaching its decision, impermissibly reweighed and reevaluated the evidence, and thus departed from the essential requirements of law. Horatio Enter., Inc. v. Rabin, 614 So.2d 555 (Fla. 3d DCA 1993); State v. Burke, 531 So.2d 416 (Fla. 4th DCA 1988). "[A]ppellate courts must interpret the evidence in a manner most favorable to sustain the trial court's ruling." Horatio Enter., Inc., 614 So.2d at 556. If there is any competent substantial evidence to support the trial court's ruling it must be sustained irrespective of the reviewing court's opinion as to its appropriateness. Helman v. Seaboard Coastline R.R. Co., 349 So.2d 1187, 1189 (Fla. 1977); Burke. A review of the record demonstrates the existence of ample evidence supporting the trial court's conclusions; the circuit court was not at liberty to substitute its views for those of the trial court. We therefore grant the petitions for writs of certiorari, quash the circuit court opinion, and reinstate the orders dismissing the charges against petitioners.
Certiorari granted; decision quashed.