668 So.2d 1077 (1996)
Kelly Ann MAURER, Petitioner,
v.
STATE of Florida, Respondent.
No. 95-1553.
District Court of Appeal of Florida, Fifth District.
March 1, 1996.
*1078 Flem K. Whited, III, and Barbara C. Davis of Whited & Davis, Daytona Beach, for Petitioner.
Steve Alexander, State Attorney, and Ben Fox, Assistant State Attorney, Daytona Beach, and Robert A. Butterworth, Attorney General, Tallahassee, and Belle B. Turner, Assistant Attorney General, Daytona Beach, for Respondent.
THOMPSON, Judge.
Kelly Ann Maurer ("Maurer") petitions for a writ of certiorari to quash an order of a two judge panel of the circuit court, acting in its appellate capacity. The circuit court order quashed an order of the county court which granted Maurer's motion to suppress in her DUI case. The circuit court found, among other things, that three of the factual findings of the county court judge were not supported or were refuted by the record. The circuit court then held that the undisputed facts showed that the county court judge had "improperly weighed the evidence" thereby erroneously finding that the police lacked probable cause to arrest petitioner for driving under the influence. The circuit court's order represented a departure from the essential requirements of law in that the circuit court did not apply the correct law. Therefore, we grant the petition, and quash the circuit court's order.
In Haines City Community Dev. v. Heggs, 658 So.2d 523, 530 (Fla.1995), the Florida Supreme Court held that "the standard of review for certiorari in the district court ... is limited to whether the circuit court afforded procedural due process and whether the circuit court applied the correct law.... [T]hese two components are merely expressions of ways in which the circuit court decision may have departed from the essential requirements of the law." Heggs, 658 So.2d at 530. In the instant case, the circuit court departed from the essential requirements of the law when it reweighed the evidence and substituted its judgment for that of the county court. This is evidenced by the order of the circuit court which stated that the county court "improperly weighed the evidence".
The county court entered a detailed order after evaluating the testimony of several witnesses therein stating:
When all of the indicators of DUI reported by the officers are considered together with the apparent intent to stop and charge the Defendant with some offense the Court does not find there was sufficient trustworthy evidence to warrant a man of reasonable caution to believe the Defendant was Driving Under the Influence of Alcoholic Beverages and was affected to the extent that her normal faculties were impaired. (emphasis in the original.)
The order of the county court on a motion to suppress comes to the circuit court with a presumption of correctness and the circuit court must interpret the evidence, and reasonable inferences and deductions therefrom, in a manner most favorable to sustaining the trial court's ruling. Owen v. State, 560 So.2d 207, 211 (Fla.1990), cert. denied, 498 U.S. 855, 111 S.Ct. 152, 112 L.Ed.2d 118 (1990). The county court is the sole arbiter of the credibility and weight of the evidence *1079 presented in a suppression hearing; that is the exclusive province of the county court judge. State v. Polak, 598 So.2d 150, 152 (Fla. 1st DCA 1992). A judge acting as fact-finder is not required to believe the testimony of police officers in a suppression hearing, even when that is the only evidence presented; just as a jury may disbelieve evidence presented by the state even if it is uncontradicted, so too the judge may disbelieve the only evidence offered in a suppression hearing. State v. Paul, 638 So.2d 537 (Fla. 5th DCA 1994), rev. denied, 654 So.2d 131 (Fla. 1995). The circuit court sitting in its appellate capacity may not reweigh the evidence or substitute its judgment for that of the fact-finder. See Hart v. State, 661 So.2d 54 (Fla. 2d DCA 1995) (holding that circuit court is prohibited from reweighing facts presented at suppression hearing, and that circuit court may not attribute more significance to certain facts than county court in order to reach contradictory conclusion).
Smiddy v. State, 627 So.2d 1257 (Fla. 3d DCA 1993) is similar to the instant case. In Smiddy the district court reversed an order of the circuit court sitting in its review capacity in a DUI case. 627 So.2d 1257. There, the district court held that a circuit court, in reviewing a motion to suppress, may not reweigh the evidence or substitute its judgment for that of the lower court. Id. at 1258. In so holding, the court stated "[i]f there is any competent substantial evidence to support the trial court's ruling[,] it must be sustained irrespective of the reviewing court's opinion as to its appropriateness." Id. In the instant case, the circuit determined that the county court improperly weighed the evidence and improperly evaluated the credibility of the witnesses. The circuit court then went on to evaluate the witnesses' credibility and accepted statements and contradictory testimony that the county court had rejected. This is an improper application of the law and a departure from the essential requirements of law. The circuit court should have accepted the county court's determination of the facts and its evaluation of the witnesses. See Owen, Polak, and Smiddy. Accordingly, we quash the circuit court's decision and remand with instruction to affirm the county court's decision.
CERTIORARI granted; DECISION quashed; REMANDED with instructions.
DAUKSCH and HARRIS, JJ., concur.