706 So.2d 886 (1998)
Zulima SANCHEZ, Petitioner,
v.
Becky BRUMM, Respondent.
No. 97-3056.
District Court of Appeal of Florida, Third District.
February 4, 1998.
Rehearing Denied March 18, 1998.
*887 Riley, Knoerr & Emanuel and Jacqueline G. Emanuel, Ft. Lauderale, for petitioner.
Robert Urich, Manhattan, MT; Ralph W. Symons, Coconut Grove, for respondent.
Before NESBITT, GERSTEN and FLETCHER, JJ.
FLETCHER, Judge.
Zulima Sanchez seeks a writ of certiorari directed against the decision of the Circuit Court, Appellate Division, which quashed a County Court order setting aside a portion of a judgment entered after Sanchez was defaulted. The portion of the judgment at issue specified the amount of damages against Sanchez. As the damages were unliquidated and Sanchez was not given notice and an opportunity to be heard thereon, she contends that she was denied due process, that the County Court was correct when it set aside the damages portion of the judgment, and that the Circuit Court denied her the essential requirements of the law when it quashed the County Court's order setting aside the damages.
We agree with Sanchez that a defaulting party has a due process entitlement to notice and an opportunity to be heard as to the presentation and evaluation of evidence necessary to a judicial determination of the amount of unliquidated damages. See, e.g. Asian Imports, Inc. v. Pepe, 633 So.2d 551 (Fla. 1st DCA 1994). Thus, when the Circuit Court concluded to the contrary and applied the incorrect law, it denied Sanchez the essential requirements of the law. See, e.g., Maurer v. State, 668 So.2d 1077 (Fla. 5th DCA 1996).
Accordingly, the petition for a writ of certiorari is granted, the decision of the Circuit Court is quashed, and the County Court's order setting aside the damages portion of the judgment is reinstated.
Writ issued.