THOMPSON, J.
This is a petition for writ of certiorari filed by the State of Florida seeking review of a final order rendered by the circuit court of the Seventh Judicial Circuit acting in its appellate capacity. The order reversed the county court’s judgment of guilt and sentence for “misdemeanor assault upon a law enforcement officer.” We grant the petition, quash the order, and *37 remand because the circuit court departed from the essential requirements of law. Haines City Community Development v. Heggs, 658 So.2d 523 (Fla.1995).
The police were called to Dallas Kirby’s home to investigate a domestic disturbance. When the police arrived, they saw a barking dog tied to a tree. The police asked Kirby to secure the dog so they could talk with witnesses. As the police talked to Kirby, they alleged, he released the dog and told the dog to attack them. The dog chased the police, and Kirby was restrained. Kirby was arrested and charged with assault upon a police officer by using the dog. Kirby was tried non-jury and, after the county court heard conflicting testimony, Kirby was found guilty as charged and sentenced. Using a standard judgment and sentence form, the county court filled in blanks withholding adjudication. Kirby was sentenced to 12 months probation with a special condition of 60 days in the county jail and ordered to pay court costs of $250. The standard form also included a paragraph, 4f, which required Kirby to submit to urinalysis or blood tests “at any time requested by [his] probation officer” and to pay for the tests.
Kirby appealed his conviction to the circuit court raising only one issue: the special condition imposed by the county court requiring him to submit to and pay for drug testing which was printed on his probation order but not orally announced during sentencing. The circuit court reversed Kirby’s conviction and sentence, apparently disagreeing with the county court’s evaluation of the witnesses’ testimony. The circuit court stated:
The record reflects a clear conflict in the evidence presented at trial regarding the circumstances of the dog’s release.
As reaffirmed in Haines City Community Development, as a case travels up the judicial ladder, review becomes consistently narrower. The circuit court’s review of a lower tribunal’s decision is governed by a three-part standard of review: (1) whether procedural due process was accorded; (2) whether the essential requirements of law were observed; and (3) whether the findings and judgment are supported by competent substantial evidence. The district court reviewing the circuit court’s decision is limited to determining whether the circuit court afforded procedural due process and whether the court applied the correct law or, stated in other words, whether the circuit court decision departed from the essential requirements of law.
In this case, the state argues that the circuit court departed from the essential requirements of law and applied the incorrect law by improperly reweighing the evidence and the credibility of the witnesses. See, e.g., Metropolitan Dade County v. Blumenthal, 675 So.2d 598, 608-09 (Fla. 3d DCA 1995) (en banc) (where circuit court impermissibly reweighed evidence, it departed from essential requirements of law, and certiorari is available to aggrieved party); State v. Wilson, 690 So.2d 1361 (Fla. 2d DCA 1997) (circuit court departed from essential requirements of the law in reversing county court’s denial of defense’s motion to discharge for violation of speedy trial). The state also relies upon State v. Osvath, 661 So.2d 1252 (Fla. 3d DCA 1995) (circuit court violated established principle of appellate review by reversing convictions after finding tape recording inadmissible on grounds not raised by defendant at trial).
The state is correct. An order of a county court comes to the circuit court with a presumption of correctness, and the circuit court must interpret the evidence in a manner most favorable to sustaining the trial judge’s ruling. Maurer v. State, 668 So.2d 1077, 1078-79 (Fla. 5th DCA 1996) (county court is sole arbiter of credibility); Smiddy v. State, 627 So.2d 1257, 1258 (Fla. 3d DCA 1993) (DCA reversed order of circuit court sitting in its review capacity; circuit court may not reweigh the evidence or substitute its judgment for that of the lower court). See also, Citrus County v. *38 Florida Rock Indus., Inc., 726 So.2d 383, 387 & n. 16 (Fla. 5th DCA 1999) (circuit court appellate division improperly buttressed its opinion with fact findings consistent with common law theory which was not a viable issue).
We grant the petition for writ of certio-rari. The circuit court’s appellate order is quashed, and the cause remanded to the circuit court with directions to consider the sole appellate issue raised by Kirby: drug testing and payment for the testing.
PETITION GRANTED, Order QUASHED, REMANDED with directions.
ANTOON, C.J., and COBB, J., concur.