GRIFFIN, J.
John Fella appeals the judgment and sentence entered after a jury found him guilty of one count of committing a lewd or lascivious act upon a child[1] and one count of sexual battery on a child less than twelve years of age.[2] Fella contends that the court erred (1) in admitting child hearsay statements without holding a hearing and making the findings required by statute; (2) in giving a non-standard instruction to the jury regarding the credibility of witnesses in violation of Florida Rule of Criminal Procedure 3.985;[3] and (3) in con- *166 eluding that alleged similar fact incidents involving his sister occurred in the familial context. We find no merit to the two evidentiary claims. We agree it was error to give the non-standard instruction but, as will be explained, we do not find the error to be harmful. Accordingly, we affirm.
The issue involves the instruction on the credibility of witnesses. The court instructed the jury:
It is up to you to decide what evidence is reliable. You should use your common sense in deciding which is the best evidence, and which evidence should not be relied upon in considering your verdict. You may find some of the evidence not reliable, or less reliable than other evidence.
You should consider how the witnesses acted, as well as what they said. Some things you should consider are:
1. Did the witness seem to have an opportunity to see and know the things about which the witness testified?
2. Did the witness seem to have an accurate memory?
3. Was the witness honest and straightforward in answering the attorneys’ questions?
4. Did the witness have some interest in how the case should be decided?
5. Does the witnesses] testimony agree with the other testimony and other evidence in the case?
6. Did any witness at some other time make a statement that is inconsistent with the testimony they gave in court?
7. Was it proved that the witness had been convicted of a crime.[sie]
8. Was it proved that the general reputation of the witness for telling the truth and being honest was bad?
You may rely on your own conclusion about the witnesses. A juror may believe or disbelieve all or any part of the evidence or the testimony of any witness.
You should attempt to resolve any conflicts you find in the testimony without attributing untruthfulness to any witness. However, if there are conflicts which you cannot resolve in this manner, you should reject the testimony you find unworthy of belief, and accept and rely upon the testimony you find worthy of belief.
(emphasis added). The portion of the instruction in bold is the portion challenged by Fella. The challenged instruction was given not only prior to deliberations, but also at the beginning of the trial.
Fella urges that the inclusion of this language was highly prejudicial to him because the State’s case hinged on the truthfulness of the victim. Fella argues that “[f]or the Judge in this situation to tell the jury to go into the jury room and struggle with the possibility that both [Bridget and Fella] were telling the truth was not logical, and it was not fair to the defendant, because it fostered confusion as to how truth should be gauged in a situation already precariously balanced on the knife-edge of an angry child’s uncorroborated testimony.” Fella argues that the challenged language is not in harmony with Standard Instruction 2.04, which tells the jurors to “use your common sense in de *167 ciding which is the best evidence” and that “[a] juror may believe or disbelieve all or any part of the evidence or the testimony of any witness.” Fla. Std. Jury Instr. (Crim.) 14-15.
The State responds that “the innocuous instruction merely explains the value and function of the oath given to witnesses” and contends that the added language is “a correct statement of the law” and “not covered elsewhere in the instructions.”
During the charge conference at the end of the trial, this language was discussed:
Mr. Sanders [Fella]: Is that “you should attempt to resolve any conflicts in the testimony without attributing untruthfulness to any witness” a standard?
The Court: A what?
Mr. Sanders: That’s a standard?
Mr. Tchividjian: Mm-hmm.
The Court: That’s my standard. That’s not in this book. I’ve give[n] that for 18 years.
Mr. Sanders: I’d rather not have it.
The Court: Well, I’d like — I’d love an opportunity for the Fifth to look at it, because it came from Warren Cobb.
Mr. Tchividjian: Let’s just keep it.
The Court: I’ve given it for 18 years.
Mr. Sanders: Well, I like Judge Cobb’s opinions, but I still don’t like this instruction.
The Court: Well, all that — that instruction, in my opinion, is simply the instruction that you have to respect the oath unless you have a reason not to, the oath of a witness to tell the truth.
Mr. Sanders: I understand that this case -
Mr. Tchividjian: Then I would take out that entire paragraph.
Mr. Sanders: That’s what I’m talking about. The whole, “you should attempt to resolve” all the way down through -
Mr. Tchividjian: I think we should keep it. I think the jury should attempt to resolve the conflicts.
Mr. Sanders: All right.
The Court: It’s accurate.
Mr. Sanders: Well, if I object are you going to leave it in anyway?
The Court: Yeah.
Mr. Sanders: Okay. I object.
The Court: Okay.
Although the trial court attributed the added language to Judge Cobb, it appears that the trial court may have been referencing a footnote in Judge Cowart’s dissent in Guy v. Right, 397 So.2d 402 (Fla. 5th DCA 1981):
All witnesses are presumed to speak the truth. Indulgence in this presumption casts a duty on all men of good will, judges and jurors alike, to construe and reconcile spoken and written words so as to avoid conflict between witnesses whenever it is possible and reasonable to do so.
397 So.2d at 404 n. 2 (Cowart, J., dissenting). But cf. Maurer v. State, 668 So.2d 1077, 1079 (Fla. 5th DCA 1996) (“A judge acting as fact-finder is not required to believe the testimony of police officers in a suppression hearing, even when that is the only evidence presented; just as a jury may disbelieve evidence presented by the state even it is uncontradicted, so too the judge may disbelieve the only evidence offered in a suppression hearing.”).
We agree with appellant that the added instruction was unnecessary and confusing, even inaccurate. Contrary to the assertion of the trial court and the State, the added language does not merely paraphrase the previous sentence or “explain the oath.” It instructs the jurors to attempt to reconcile the witnesses’ testimony and to start with the assumption that conflicts in the testimony are not due to untruthfulness — contrary to the standard assumption-free instruction, which was given just prior to this challenged language: “A juror may believe or disbelieve all or any part of the evidence or the testimony of an witness.”
*168 We have not attempted to ferret out as thoroughly as we might the complete history of the language at issue but it does appear that it was standard jury instruction text in Florida for many years. Brownlee v. State, 95 Fla. 775, 116 So. 618 (Fla.1928); Atlantic Coast Line R. v. Beazley, 54 Fla. 311, 45 So. 761 (Fla.1907); Jacksonville Electric Co. v. Sloan, 52 Fla. 257, 42 So. 516 (Fla.1906). See also Florida Standard Jury Instructions in Criminal Cases, 2.12(a) (1970). By the time of the publication of the 1981 standard instructions, however, this language had been replaced by the instruction currently in use. We are unaware of the reason for the change, but we have found no case suggesting that the change resulted from any judicial determination that the instruction was wrong. Given the history of the language, the nature of the instruction and the evidence in the case, we see no basis to conclude that the error in giving this instruction was harmful. State v. DiGuilio, 491 So.2d 1129 (Fla.1986). In light of the current standard instruction, however, it should not be given in the future.
AFFIRMED.
COBB and PETERSON, JJ., concur.

. § 800.04(1), Fla. Stat. (1995).

. § 794.01 l(2)(a), Fla. Stat. (1995).

.This rule provides in part:
The forms of Florida Standard Jury Instructions in Criminal Cases published by *166 The Florida Bar pursuant to authority of the court may be used by the trial judges of this state in charging the jury in every criminal case to the extent that the forms are applicable, unless the trial judge shall determine that an applicable form of instruction is erroneous or inadequate, in which event the judge shall modify or amend the form or give such other instruction as the trial judge shall determine to be necessary to instruct the jury accurately and sufficiently on the circumstances of the case; and, in such event, the trial judge shall state on the record or in a separate order the respect in which the judge finds the standard form erroneous or inadequate and the legal basis of the judge’s finding.