*1191
 
 ORFINGER, J.
 

 Wekiva Springs Reserve Homeowners Association, Inc. (“Association”) seeks second-tier certiorari review of an opinion of the circuit court sitting in its appellate capacity. The circuit court reversed a county court judgment entered in favor of the Association following a non-jury trial. In its opinion, the circuit court disagreed with the county court’s conclusion that Respondents, John and Renee Binns, were not entitled to an award of damages based on the Association’s failure to comply with the Binns’s written record request pursuant to section 720.303(5), Florida Statutes (2006), because the Association’s actions were not willful. The circuit court’s order represents a departure from the essential requirements of law. Therefore, we grant the petition, and quash the circuit court’s decision.
 

 District courts apply a two-prong test on second-tier certiorari review: whether the circuit court applied the correct law and whether the circuit court afforded the procedural due process.
 
 See Miami-Dade County v. Omnipoint Holdings, Inc.,
 
 863 So.2d 195, 199 (Fla.2003). Pursuant to these principles, the district court should grant the second-tier certio-rari
 
 “only
 
 when there has been a violation of a clearly established principle of law resulting in the miscarriage of justice.”
 
 Custer Med. Ctr. v. United Auto. Ins. Co.,
 
 62 So.3d 1086, 1092 (Fla.2010). In determining whether the circuit court has applied the correct law in its review of a county court judgment, a district court must consider whether the circuit court failed to apply the correct law as clearly established. Clearly established law can be derived not only from case law dealing with the same issue of law, but also from “an interpretation or application of a statute, a procedural rule, or a constitutional provision....”
 
 Allstate Ins. Co. v. Kaklamanos,
 
 843 So.2d 885, 890 (Fla.2003).
 

 It is axiomatic that an appellate court, in this case the circuit court, is not permitted to reweigh the evidence or substitute its judgment for that of the county court.
 
 State v. Kirby,
 
 752 So.2d 36, 37-38 (Fla. 5th DCA 2000). “[A] lower court’s ultimate factual determinations during a non-jury trial may not be disturbed on appeal unless shown to be unsupported by competent and substantial evidence.... ”
 
 Zupnik Haverland, L.L.C. v. Current Builders of Fla., Inc.,
 
 7 So.3d 1132, 1134 (Fla. 4th DCA 2009). In the instant case, it is clear that the circuit court reweighed the evidence to reach a conclusion different from the county court. This was improper and violates clearly established law. As a consequence, we quash the circuit court’s opinion.
 

 CERTIORARI GRANTED; CIRCUIT COURT OPINION QUASHED.
 

 MONACO, C.J., and COHEN, J., concur.