PALMER, J.
Shamrock-Shamrock, Inc. (Shamrock) petitions this court for second-tier certio-rari review of the circuit court’s order denying Shamrock’s petition for writ of *1255 certiorari. The original petition sought review of the Daytona Beach Planning Board’s determination that Cobblestone Village is a single-family development. Because the circuit court departed from the essential requirements of the law in denying Shamrock certiorari relief, we grant the instant petition.
Shamrock owns property that is immediately adjacent to Cobblestone Village, a two-story residential condominium development consisting of six buildings, each containing between four and six living units. Shamrock submitted an application to rezone its property from residential professional and business retail to planned commercial development. Daytona Beach, through its planner,, initially submitted a report determining that Shamrock’s application for rezoning was consistent with the surrounding development pattern and that Cobblestone Village was a multi-family development.
Subsequent thereto, Daytona Beach’s Zoning Department issued a report stating that, before rezoning could be approved, Shamrock would need to obtain waivers of certain height and setback requirements because Cobblestone Village was considered to be a single-family development.
Shamrock appealed the Zoning Department’s report to Daytona Beach’s Planning Board, arguing that Cobblestone Village was not required to obtain waivers of height and setback requirements because the condominiums were a multi-family development, not a single-family development. A hearing was held before the Planning Board. Thereafter, the Board upheld the Zoning Department’s decision that the Cobblestone Village was a single-family development, reasoning that the condominiums were similar to townhouses, which are considered to be single-family developments under Daytona Beach’s Land Development Code (LDC).
Shamrock filed a petition seeking certio-rari relief in the circuit' court, arguing that Cobblestone Village met the LDC’s definition of a multi-family development and, therefore, the height and setback requirements for the development of structures located adjacent to single-family developments were inapplicable to its rezoning request. The circuit court, sitting in its appellate capacity, denied the certiorari petition, concluding that, although the Cobblestone Village was a multi-family development, the Planning Board’s decision to treat Cobblestone Village as a single-family development was supported by sufficient competent evidence based on Cobblestone Village’s similarity to townhouse developments.[1] The court relied upon a section of the LDC that provides: “If a use is not specifically provided for in the LDC, it shall be treated in the same manner as the most similar use which is provided for.”
Shamrock now seeks second-tier certiorari review of the circuit court’s order, contending that Cobblestone Village is a multi-family development of a single parcel of land and that the circuit court’s conclusion that the Planning Board could classify it as being a single-family development was a departure from the essential requirements of the law. We agree.
On second-tier certiorari, the district courts must determine “[1] whether *1256 the circuit court afforded procedural due process and [2] applied the correct law.” Broward, Cnty. v. G.B.V. Intern., Ltd., 787 So.2d 838, 843 (Fla.2001). Shamrock does not contend that it failed to receive due process and, accordingly, the only issue before this court is whether the circuit court applied the correct law.
District courts grant second-tier certiorari relief “when there has been a violation of a clearly established principle of law resulting in the miscarriage of justice.” Wekiva Springs Reserve Homeowners v. Binns, 61 So.3d 1190, 1191 (Fla. 5th DCA 2011) (citing Custer Med. Ctr. v. United Auto. Ins. Co., 62 So.3d 1086, 1092 (Fla.2010)). “Generally, a reviewing court should defer to the interpretation given a statute or ordinance by the agency responsible for its administration. Of course, that deference is not absolute, and when the agency’s construction of a statute amounts to an unreasonable interpretation, or is clearly erroneous, it cannot stand.” Las Olas Tower Co. v. City of Ft. Lauderdale, 742 So.2d 308, 312 (Fla. 4th DCA 1999) (citations omitted). “Municipal zoning ordinances are subject to the same rules of construction as are state statutes.” Rinker Materials Corp. v. City of North Miami, 286 So.2d 552, 553 (Fla.1973); Halifax Area Council on Alcoholism v. City of Daytona Beach, 385 So.2d 184, 187 (Fla. 5th DCA 1980). Thus, an ordinance should be given its plain meaning and any doubts should be construed in favor of the property owner. Colonial Apartments, L.P. v. City of DeLand, 577 So.2d 593, 598 (Fla. 5th DCA 1991).
Daytona Beach’s LDC defines a single-family development as: “A building occupied and maintained exclusively as a residence for a single family.” The LDC defines a multi-family development as: “A building containing three or more living units.” Cobblestone Village meets the definition of a multi-family development in every- respect and the circuit court so found. However, the circuit court failed to apply the correct law when it concluded that Cobblestone Village should be considered to be a single-family development because of its similarity to a townhouse development. Since Cobblestone Village specifically met the definition of a multifamily development, it was improper for the court to consider another use that might have been similar to, but did not meet, all of the criteria to be considered a single-family development. A “catchall” or “similar use” provision in an ordinance allows certain uses that are not otherwise delineated in the comprehensive zoning ordinance; however, the “catch all” or “similar use” provision should not be used where, like here, the particular use is described elsewhere in the LDC. City of Miami Beach v. Sunset Islands 3 & 4 Prop. Owners Ass’n, 216 So.2d 509, 512 (Fla. 3d DCA 1968).
Accordingly, because the Planning Board’s interpretation of the LDC was clearly erroneous, the circuit court erred in upholding that interpretation. Therefore, we grant the instant petition and remand this matter to the circuit court for further proceedings consistent with this opinion.
PETITION GRANTED; CAUSE REMANDED.
EVANDER and ORFINGER, JJ„ concur.

. Townhouses are defined in Daytona Beach’s LDC as "attached single-family dwelling units.” It further defines townhouse as "a residential structure comprised of at least three and not more than eight attached single-family living units where each living unit is located on an individual lot and separated by party walls.” It is uncontested that Cobblestone Village does not meet the definition of a townhouse because the units are not built on individual lots.