SUAREZ, C.J.
(dissenting)
I respectfully dissent.
This matter arises out of an attorney’s fee dispute of a very highly contested matter originating in county court and ending up after appeal in the circuit court Appellate Division. That panel affirmed a final judgment of the county court awarding 1st Priority Restoration its attorney’s fees and costs. It therefore comes to us on second tier certiorari and the majority is correct that our standard of review is extremely limited. Applying that limited standard of review I conclude the petitioner correctly asserts that the Circuit Court Appellate Division’s per curiam affirmance of the county court’s decision departed from the essential requirements of the law.
The majority correctly points out that the county court determined the prevailing party without first determining the merits of the underlying set-off issues to arrive at appropriate damages, in order to then determine appropriate attorney’s fees. This matter has already been before us on appeal. In dismissing that appeal for lack of jurisdiction, this Court concluded that the damages amount (invoice amount already awarded, less any setoff for the alleged failure to return property) had not yet been adjudicated and reduced to a final judgment. When remanded, the county court failed to make such evidentiary findings before determining the prevailing party and granting fees.
The majority re-weighs the record evidence: “even after viewing the facts and all of the reasonable inferences in the light most favorable to Salame,” and arrives at the factual conclusion that “even if Salame were to succeed in his set-off defense, he would not prevail in the litigation.” Although the majority may be correct in that factual analysis, it is an analysis we cannot make under our second tier standard of review. This Court is limited to determining whether the appellate decision of the circuit court has violated a clearly established principle of law resulting in a miscarriage of justice. A district court should grant second-tier certiorari “only when there has been a violation of a clearly established principle of law resulting in the miscarriage of justice.” Wekiva Springs Reserve Homeowners v. Binns, 61 So.3d 1190, 1191 (Fla. 5th DCA 2011) (quoting Custer Med. Ctr. v. United Auto. Ins. Co., 62 So.3d 1086, 1092 (Fla. 2010); United Auto. Ins. Co. v. Santa Fe Medical Center, 21 So.3d 60 (Fla. 3d DCA 2009).
Because the county court did not make the required factual findings regarding set-off prior to determining the prevailing party for purposes of attorney’s fees, I consider this to be a violation of a clearly established principle of law resulting in the miscarriage of justice. See Haines City Cmty. Dev. v. Heggs, 658 So.2d 523, 530 (Fla. 1995) (“A departure fi’om the essential requirements of law is equivalent to a failure to apply the correct law.”).
I would grant the petition for certiorari, reverse the circuit court appellate decision and remand to the county court to make the required factual findings regarding set-off prior to determining the prevailing party and to reduce those issues to a final judgment.