NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

Z.E.,                           )
)
         Appellant,       )
)
v.                         )      Case No. 2D16-5234
)
STATE OF FLORIDA,    )
)
         Appellee.        )
_____ )

Opinion filed April 6, 2018.

Appeal from the Circuit Court for
Hillsborough County; Frank A.
Gomez, Senior Judge.

Howard L. Dimmig, II, Public Defender,
and Clark E. Green, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Cornelius C. Demps,
Assistant Attorney General, Tampa,
for Appellee.


ROTHSTEIN-YOUAKIM, Judge.

This appeal originally came to us pursuant to Anders v. California, 386

U.S. 738 (1967). Upon our de novo review of the record and after ordering additional

briefing, we reverse the disposition order and remand for further proceedings.

Thirteen-year-old Z.E. was charged in a delinquency petition with simple

battery on I.W., one of his classmates. At the adjudication hearing, I.W. testified that he

had been shoved from behind and that when he had turned around, Z.E. had been the only person standing there. In addition, at some point previously, Z.E. had insulted I.W. On direct examination, I.W. denied that he had hit Z.E. or had provoked him in any way; on cross-examination, however, I.W. acknowledged that he and Z.E. had been "engaged in some verbal back and forth, not very nice comments."

Z.E. waived his right to testify. His attorney then moved for a judgment of dismissal, arguing that I.W.'s demeanor while testifying "made it seem like he was not taking this very seriously" and that "his testimony [was] not credible and that the State [had] not proven their case beyond a reasonable doubt."

The trial court found Z.E. guilty but withheld adjudication, placing him on probation for an indefinite period not to exceed his nineteenth birthday and ordering him to pay various court fees and costs, to perform twenty hours of community service, to have an anger management evaluation, and to refrain from any contact with I.W. The court stated: "It's not the strongest case I've ever heard, but the sad part about it is, it's unrefuted. So he testified that he was pushed from behind and based on that testimony unrefuted, I'm going to have to find him guilty." The court made no findings regarding I.W.'s credibility.

The trial court erred in concluding that it was constrained to find Z.E. guilty because I.W.'s testimony was unrefuted. When sitting as the fact-finder in a criminal case, the court is free to disbelieve the State's witness even if that witness's testimony is unrefuted and even if that witness is the sole witness at the hearing or trial. See Lewis v. State, 979 So. 2d 1197, 1200 (Fla. 4th DCA 2008) ("A trial court has the same ability [as the jury] to determine the believability of a witness. The mere fact that the

testimony appears 'uncontradicted' does not necessarily make it believable . . . .");

Maurer v. State, 668 So. 2d 1077, 1079 (Fla. 5th DCA 1996) ("A judge acting as fact-finder is not required to believe the testimony of police officers in a suppression hearing, even when that is the only evidence presented; just as a jury may disbelieve evidence presented by the state even if it is uncontradicted, so too the judge may disbelieve the only evidence offered in a suppression hearing." (citing State v. Paul, 638 So. 2d 537, 539 (Fla. 5th DCA 1994))).  In short, when sitting as a trier of fact, the trial court is in the same position as a jury:  if a jury is entitled to "disbelieve all or any part of the evidence or the testimony of any witness," Fla. Std. Jury Instr. (Crim.) 3.9, then so too is the trial court.

The State does not quibble with this principle but argues, "The trial court found the victim's testimony credible based on his recollection of events and their [sic] veracity as a witness."  As set forth above, however, the court made no such finding. Instead, its comments evidence the reluctant conclusion that it had no choice but to "believe" I.W.'s testimony because it was unrefuted.  Because the court unquestionably had a choice, we reverse the disposition order and remand for the court to make credibility findings based on the evidence that has already been presented and for disposition in light of those findings.

Reversed; remanded for further proceedings.

SILBERMAN and MORRIS, JJ., concur.

- 3 -