629 So.2d 957 (1993)
Robert GILBERT and Paul Coleman, Appellants,
v.
The STATE of Florida, Appellee.
Nos. 92-2538, 92-2633.
District Court of Appeal of Florida, Third District.
December 21, 1993.
Rehearing Denied January 28, 1994.
*958 Robbins, Tunkey, Ross, Amsel & Raben, and Benjamin S. Waxman, Miami, for appellant Robert Gilbert.
Thornton, Rothman & Emas, and Kevin M. Emas, Miami, for appellant Paul Coleman.
Robert A. Butterworth, Atty. Gen., and Angelica D. Zayas, Asst. Atty. Gen., for appellee.
Before BARKDULL, COPE and GERSTEN, JJ.
PER CURIAM.
Appellants, Robert Gilbert and Paul Coleman, appeal their convictions and sentences for trafficking in cocaine and conspiracy. We affirm.
Appellants contend that the trial court committed reversible error in denying their motions to suppress thirty kilograms of cocaine seized from the rental car they were driving on the date of their arrest. We disagree.
The appellants argued that the police unlawfully seized contraband from their vehicle without probable cause or a search warrant. Both Gilbert and Coleman claimed that an officer opened the trunk of their vehicle. The State asserted that the officers lawfully seized the drugs after observing them in plain view.
During the hearing on the motion to suppress, each of the police officers testified that they did not open the trunk of the vehicle. Furthermore, they did not observe the appellants open the trunk. Two of the officers were involved in a foot chase pursuing another suspect who had fled on foot. The third officer detained Gilbert and Coleman. Each officer testified that the trunk of the vehicle was opened twelve to eighteen inches, which was enough for them to view the contraband in plain view.
In contrast, appellants both testified that one of the police officers opened the trunk either with the key, or by using the trunk release. After both the assistant state attorney and defense counsel argued that the issue was one of credibility, the trial court denied the motion.
The law is well settled that the ruling of a trial court on a motion to suppress, comes to the reviewing court clothed with a presumption of correctness, and the reviewing court must interpret the evidence and reasonable inferences and deductions derived therefrom in a manner most favorable to sustain the trial court's ruling. Owen v. State, 560 So.2d 207, 211 (Fla.), cert. denied, 498 U.S. 855, 111 S.Ct. 152, 112 L.Ed.2d 118 (1990); McNamara v. State, 357 So.2d 410, 412 (Fla. 1978); Rodriguez v. State, 189 So.2d 656 (Fla. 3d DCA 1966), cert. denied, 389 U.S. 848, 88 S.Ct. 66, 19 L.Ed.2d 116 (1967).
It is equally well settled that an appellate court should not substitute its judgment for that of the trial court, but rather, should defer to the trial court's authority as a *959 factfinder. Wasko v. State, 505 So.2d 1314, 1316 (Fla. 1987); DeConingh v. State, 433 So.2d 501 (Fla. 1983), cert. denied, 465 U.S. 1005, 104 S.Ct. 995, 79 L.Ed.2d 228 (1984).
In this case, the trial court was required to consider all the facts and circumstances and evaluate the credibility of the witnesses. Implicitly the trial court determined that the police officers were more credible than the appellants. This determination was solely for the trial judge and then the jury, not this court, to resolve. Tibbs v. State, 397 So.2d 1120 (Fla. 1981), aff'd, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982).
We have carefully considered appellants' remaining issues and conclude that they are without merit. Accordingly, the convictions and sentences are affirmed in all respects.
Affirmed.
BARKDULL and GERSTEN, JJ., concur.
COPE, Judge, dissenting.
I respectfully dissent. The police videotape showed the State's "plain view" theory to be physically impossible; so did the defendants' proffered videotape. The motion to suppress should have been granted.