661 So.2d 54 (1995)
Scott Cameron HART, Petitioner,
v.
STATE of Florida, Respondent.
No. 95-00107.
District Court of Appeal of Florida, Second District.
May 31, 1995.
*55 Robert E. Jagger, Public Defender, and R.J. Bradford, Jr., Asst. Public Defender, Clearwater, for petitioner.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Tonja R. Vickers, Asst. Atty. Gen., Tampa, for respondent.
PER CURIAM.
Scott Cameron Hart has petitioned this court for certiorari review of an order of the circuit court, acting in its appellate capacity, which quashed a county court order granting a motion to suppress the results of a blood alcohol test. Hart argues that, as a reviewing court, the circuit court is prohibited from reweighing the facts presented at the motion to suppress hearing in order to reach a contradictory conclusion and we agree.
Hart was involved in a motor vehicle accident in which a fatality occurred. The police officer responding to the scene ordered that Hart's blood be drawn, but did not conduct a field sobriety test or detain Hart. After being charged by information approximately one year later, Hart moved to suppress the results of the blood draw. Ultimately, the trial court conducted a hearing on the motion to determine whether the police officer had reasonable grounds to believe, at the time he requested the blood draw, that Hart had contributed to the accident.
In granting the motion to suppress, the court specifically concluded that "the state failed to meet its burden of showing that at the time the police officer requested the blood draw the officer had reasonable grounds to believe that the Defendant had contributed to the accident... . [V]irtually all of the testimony and the basis of all opinions rendered by the police officer were from information gathered or derived subsequent to the blood draw." The court relied on Magaw v. State, 537 So.2d 564 (Fla. 1989). The detailed order explained that between the time of the accident and the filing of the information, the state had engaged an engineering firm to conduct an accident investigation. That subsequent investigation, the court determined, improperly formed the basis for the officer's conclusion that Hart had contributed to the accident.
On appeal, the circuit court reversed, finding that the evidence presented at the hearing was sufficient to warrant the request for the blood draw. Unlike the trial court, the circuit court placed great weight on the testimony of the responding officer who, in examining the damage to the victim's car, concluded that Hart had contributed to the accident by travelling at a higher rate of speed than that posted. The circuit court found that such a "deviation or lack of care" coupled with the fact that the accident was fatal to the other driver, justified the taking of blood to test for impairment, the results of which would be admissible.
Our review of the record before us indicates that the county court carefully considered the facts presented at the hearing and made a determination of admissibility, based on the prevailing standard as enunciated in Magaw. Such a factual issue was proper for the county court, and not the circuit court acting in its appellate capacity, to resolve. See, e.g. Gilbert v. State, 629 So.2d 957 (Fla. 3d DCA 1993). The circuit court reached a different conclusion because it attributed more significance to certain facts or testimony than did the county court.
*56 The appellate review afforded by the circuit court in this instance was tantamount to an impermissible reweighing of the facts. The law is well-settled that a trial court's ruling on a motion to suppress is before a reviewing court "clothed with a presumption of correctness, and the reviewing court must interpret the evidence and reasonable inferences and deductions derived therefrom in a manner most favorable to sustain the trial court's ruling." Owen v. State, 560 So.2d 207, 210 (Fla. 1990).
Accordingly, we grant the petition, issue the writ and quash the order of the circuit court with instructions that the order of the county court be affirmed.
RYDER, A.C.J., and CAMPBELL and BLUE, JJ., concur.