746 So.2d 539 (1999)
SARASOTA COUNTY, Florida, a political subdivision of the State of Florida, and the Board of Zoning Appeals of Sarasota County, Florida, Petitioners,
v.
Jeffrey KEMPER, d/b/a Southwest Oil of Venice, Respondent.
No. 99-00918.
District Court of Appeal of Florida, Second District.
December 10, 1999.
Jorge L. Fernandez, County Attorney, and Alan W. Roddy, Assistant County Attorney, Sarasota, for Petitioners.
John C. Dent, Jr., and Sherri L. Johnson, of Dent & Cook, Sarasota, for Respondent.
*540 PER CURIAM.
Sarasota County (the County) has filed a petition for writ of certiorari seeking review of a grant of certiorari by the circuit court, sitting in its appellate capacity, in a zoning variance matter. We have jurisdiction. See Fla. R.App. P. 9.030(b)(2)(B). The property owner, Jeffery Kemper (Kemper), filed an application for a zoning variance, due to a setback irregularity for construction of a gas station on his property, which the Board of Zoning Appeals (the Board) denied. The circuit court granted Kemper's petition for writ of certiorari seeking to quash the Board's decision. We conclude that in reaching its decision, the circuit court applied the incorrect standard of review which constituted a departure from the essential requirements of law. Accordingly, we grant the petition and remand this matter for further proceedings.
Kemper was granted a building permit by the Sarasota County Building Department (the Department) to construct a gas station in Sarasota County. Kemper was aware that the setback requirement for the gas station was twenty feet from the road. Kemper hired a subcontractor, Joel Samon (Samon), who utilized a survey he received from Kemper, which did not contain the setback requirements. During construction of a pump island canopy, the Department issued a stop-work order so that a survey could be conducted. The survey revealed that the canopy was only set back eleven feet.
The Department conditioned a rescission of the stop-work order on Kemper's providing the Department with a notarized statement that the canopy would be removed upon a change in use of the property. The stop-work order was rescinded when Kemper complied, and construction of the canopy continued. However, when Kemper filed an application for a certificate of occupancy (CO), his application was denied. The Department issued a temporary CO and instructed Kemper that he would be required to apply for a zoning variance with the County due to the setback irregularity.
Kemper applied for the variance, which the Board denied. Samon appeared at the Board hearing, but Kemper did not. Samon testified he usually encountered setback requirements, but he did not make any further inquiries about such requirements for this project upon receipt of the survey from Kemper. Kemper sought review of the Board's decision in the circuit court by petition for writ of certiorari.
The circuit court granted the petition. It concluded that (1) the Department rescinded a stop-work order on the project for the quid pro quo that Kemper file a notarized statement that the gas pump island canopy, which caused the variance, would be removed if there was a change in use of the property; (2) Kemper complied with the Department's request, and the stop-work order was rescinded; and (3) the Board was therefore estopped to deny Kemper the variance.
In the petition before this court, the County contends it was denied due process of law when the circuit court allowed Kemper to argue that the County was estopped from denying the variance without having first made the argument to the Board. In addition, the County contends that the circuit court's order departed from the essential requirements of law in determining that the doctrine of equitable estoppel prevented the County from denying Kemper a variance. The County asserts that Kemper failed to plead or prove estoppel at the hearing before the Board and that there was no testimony regarding any reliance on the County's actions by Kemper or his representative at that hearing. See Citrus County v. Florida Rock Indus., Inc., 726 So.2d 383 (Fla. 5th DCA 1999) (holding equitable estoppel was not an issue in review of an administrative proceeding and could not support circuit court's decision on certiorari review); First City Savings Corp. v. S & B Partners, 548 So.2d 1156 (Fla. 5th DCA 1989) (reversing circuit court opinion that concerned itself with *541 matters not raised in the county court proceeding).
We find that the circuit court, in reaching its decision, departed from the essential requirements of the law in finding an estoppel without answering the County's claims that it was being denied due process in the insertion of the doctrine for the first time at the appellate level. The circuit court also departed from the essential requirements of law in determining that an estoppel existed without analyzing the Board's decision properly under the third prong of Haines City Community Development v. Heggs, 658 So.2d 523, 530 (Fla.1995). The standard of review, as enunciated in Heggs, requires the circuit court to consider (1) whether procedural due process was accorded to the parties; (2) whether the essential requirements of law had been observed in the administrative agency's determination; and (3) whether the administrative findings and judgment were supported by competent, substantial evidence. Id. at 530.
An evaluation under the third prong of this test requires the circuit court to review the record before the agency to ensure there was competent, substantial evidence to support its determination. This is not a mandate to reweigh the evidence heard before that agency. As explained in Board of County Commissioners v. Webber, 658 So.2d 1069, 1071-72 (Fla. 2d DCA 1995):
We also conclude that the circuit court employed an incorrect standard of review by limiting its consideration to the issue of whether the denial of the variance would impose an unreasonable hardship on respondent to the extent it would constitute a compensable taking of his property. That was not the appropriate issue for it to consider on certiorari review in this case. Instead, the circuit court should have reviewed the evidence before the Board and determined whether there was substantial, competent evidence to support its denial of respondent's request for a variance, in light of all the criteria of the ordinance. As the supreme court has noted: The question is not whether, upon review of the evidence in the record, there exists substantial competent evidence to support a position contrary to that reached by the agency. Instead, the circuit court should review the factual determination made by the agency and determine whether there is substantial competent evidence to support the agency's conclusion.
In this case, the circuit court limited its consideration to whether the application of the doctrine of estoppel required the County to grant a variance to Kemper to the exclusion of the other issues that were before the court for review. In doing so, the circuit court applied the incorrect standard of review and departed from the essential requirements of the law.
Therefore, we grant the petition for writ of certiorari, quash the circuit court's order, and remand with directions that the circuit court review the record of the proceedings before the Board and determine whether the issue of estoppel was before the Board and whether there exists competent, substantial evidence to support the denial of Kemper's variance. In reaching this conclusion, we emphasize, as did the court in Webber, that "nothing in this opinion should be construed as indicating whether such evidence does or does not exist because that is beyond the reach of our certiorari jurisdiction in this case. See Gomez v. City of St. Petersburg, 550 So.2d 7 (Fla. 2d DCA 1989)." Id. at 1073.
Certiorari granted, order quashed, and cause remanded with directions.
WHATLEY, A.C.J., and GREEN and CASANUEVA, JJ., Concur.