845 So.2d 1006 (2003)
Daniel A. SUNBY, Petitioner,
v.
STATE of Florida, Respondent.
No. 5D03-17.
District Court of Appeal of Florida, Fifth District.
May 23, 2003.
David D. Ege, Daytona Beach, for Petitioner.
Charles J. Crist, Jr., Attorney General, and Patrick W. Krechowski, Assistant Attorney General, Daytona Beach, for Respondent.
SHARP, W., J.
Sunby seeks a writ of certiorari to review the circuit court's decision, sitting in its appellate capacity. It overturned the county court's order which granted Sunby's motion to suppress in Sunby's DUI case. Because we conclude the circuit court improperly re-weighed and re-evaluated testimony and evidence presented at *1007 the suppression hearing, we grant the petition.
At the suppression hearing below, Officer Murphy testified he stopped Sunby's car because it was weaving within its lane on the road. He cited Sunby for failure to maintain a single lane, and arrested him and charged him with DUI. The citation for failing to maintain a single lane was later dismissed because there was no evidence Sunby's driving endangered the officer or anyone else. See § 316.089(1), Fla. Stat. (2002); Jordan v. State, 831 So.2d 1241 (Fla. 5th DCA 2002).
At the suppression hearing, the state presented a videotape of Sunby's driving which had been made by Officer Murphy. The court found that there had been no infraction committed in Officer Murphy's presence, based on the tape. However, the officer testified that before he began taping Sunby, he saw Sunby "striking the center line," and driving more erratically than the tape indicated, thus justifying a reasonable suspicion on his part that Sunby was impaired prior to stopping him. See generally State v. Carrillo, 506 So.2d 495 (Fla. 5th DCA 1987). The county court chose to disregard the officer's testimony in ruling that Sunby's driving, while not perfect, was not sufficiently erratic to give rise to a reasonable suspicion of impairment, under an objective standard.
This suppression order, when appealed to the circuit court, should have been presumed correct. See Maurer v. State, 668 So.2d 1077 (Fla. 5th DCA 1996). If there was competent substantial evidence to support the county court's ruling, it should have been sustained. See Smiddy v. State, 627 So.2d 1257 (Fla. 3d DCA 1993). Like the District Court of Appeal, the circuit court sitting in its appellate capacity cannot reweigh the evidence and choose to believe a state witness which the county court chose not to believe. Hart v. State, 661 So.2d 54 (Fla. 2d DCA 1995); Maurer.
Here the circuit court did just that. In seeking to sustain the circuit court decision, the state claims the county court "ignored relevant facts" and thus misapplied the appropriate rule of law. But the county court as the "fact-finder" in this proceeding is free to ignore or place less emphasis on certain testimony, based on credibility determinations. It need not give equal weight to all the evidence presented at the suppression hearing. As the circuit court misapplied the law in reweighing the evidence, we vacate the circuit court's opinion overturning the county court's order granting suppression.
Petition for Writ of Certiorari GRANTED; Opinion VACATED; REMANDED with directions to reinstate the County Court's Order.
THOMPSON, C.J., and PETERSON, J., concur.