965 So.2d 842 (2007)
Ruth WEISS, Petitioner,
v.
STATE of Florida, Respondent.
No. 4D07-2054.
District Court of Appeal of Florida, Fourth District.
September 26, 2007.
Donna P. Levine of the Law Office of Donna P. Levine, for petitioner.
Bill McCollum, Attorney General, Tallahassee, and Thomas A. Palmer, Assistant Attorney General, West Palm Beach, for respondent.
KLEIN, J.
Weiss seeks a writ of certiorari to review a circuit court appellate decision. The circuit court reversed a county court order which granted Weiss's motion to suppress. We grant the petition because the circuit court applied the wrong standard of appellate review by reweighing the evidence presented at the suppression hearing.
Weiss was observed by an officer, around 3:00 a.m., weaving from one lane to *843 another, while traveling northbound on University Drive in Sunrise, Florida. The record does not show the crime with which Weiss was charged, but the officer stopped her because she was concerned that the driving pattern indicated the driver "could possibly be under the influence ofshe could possibly be sick. You know, there were numerous other things that could be going on."
Weiss moved to suppress on the ground that the officer had no reasonable suspicion to stop her, and the trial court granted the motion, stating that the officer did not specifically suspect DUI and noting that there was no one else on the road. The state then appealed to circuit court, which reversed, but applied the incorrect standard of review.
In its opinion, the circuit court recognized that the trial court's ruling on a motion to suppress is presumed correct, and that reversal is authorized only if the findings are not supported by competent substantial evidence, citing State v. Johns, 920 So.2d 1156 (Fla. 2d DCA 2006). In reversing, however, the court stated that it was doing so because the traffic stop was supported by substantial competent evidence. The standard of review which should have been applied by the circuit court sitting in its appellate capacity was whether there was competent substantial evidence to support the county court's ruling, Sunby v. State, 845 So.2d 1006 (Fla. 5th DCA 2003).
In Sunby, just as in the present case, the officer stopped the defendant for weaving or failure to maintain a single lane. The county court granted the defendant's motion to suppress on the ground that the weaving was not sufficiently erratic to give rise to a reasonable suspicion of impairment. The circuit court reversed, and the fifth district granted certiorari because the circuit court misapplied the law in reweighing the evidence.
Weaving, or failure to maintain a single lane, may or may not establish reasonable suspicion for a traffic stop, and accordingly a trial court ruling on a motion to suppress may be subject to reversal on the ground that no competent substantial evidence supported the ruling. Sunby; Hurd v. State, 958 So.2d 600 (Fla. 4th DCA 2007); and Roberts v. State, 732 So.2d 1127 (Fla. 4th DCA 1999).
In this case it cannot be said that the finding of no reasonable suspicion was not supported by substantial competent evidence. When the circuit court found substantial competent evidence to support the stop, it applied the incorrect standard of review, and that is a departure from the essential requirements of law. Sarasota Cty. v. Kemper, 746 So.2d 539 (Fla. 2d DCA 1999); Dep't of Highway Safety & Motor Vehicles v. Favino, 667 So.2d 305 (Fla. 1st DCA 1995). We therefore grant the petition, vacate the opinion, and remand with directions to reinstate the order of suppression.
WARNER and MAY, JJ., concur.