989 So.2d 1255 (2008)
Bonnie A. McLEOD, Appellant,
v.
Bruce P. McLEOD, Appellee.
No. 1D07-4462.
District Court of Appeal of Florida, First District.
September 11, 2008.
*1256 Gregory D. Smith of Gregory D. Smith, P.A., Pensacola, for Appellant.
Laura E. Keene, Beroset & Keene, Pensacola, for Appellee.
PER CURIAM.
Appellant/former wife appeals the trial court's final judgment dissolving the parties' marriage, distributing their assets, and awarding alimony. We reverse and remand for the trial court to reconsider its alimony award due to the imputation of investment income to Appellant. We affirm all other issues raised on appeal.
A trial court's alimony award is reviewed under the abuse of discretion standard. See Canakaris v. Canakaris, 382 So.2d 1197, 1202-03 (Fla.1980). When awarding permanent periodic alimony, the court must consider the statutory factors set out in section 61.08, Florida Statutes (2006), including the payee spouse's needs and the payor spouse's ability to pay. Id. at 1201.
Appellant's income for purposes of awarding alimony was determined on the basis of facts not presented at trial. The trial court imputed investment income by applying an assumption about the rate of return Appellant could yield on the portion of the IRA awarded to her in the equitable distribution of marital assets. The difficulty is that the assumption was not based on evidence presented at trial. The only reference in the record on appeal to the 6% return adopted by the trial judge was a suggestion by Appellee's counsel. "The trial court may not, as was done here, simply adopt purported `facts' submitted to it in an argument in a legal memorandum or proposed judgment. See Smith v. Smith, 934 So.2d 636, 640-41 (Fla. 2d DCA 2006) (holding former husband's demonstrative aid and legal argument to be insufficient to support pension calculation)." Craig v. Craig, 982 So.2d 724, 730 (Fla. 1st DCA 2008).[1] Where competent, substantial evidence does not *1257 support the trial court's factual finding, the trial court abuses its discretion. Craig, 982 So.2d at 727.
We affirm the dissolution of marriage and the equitable distribution of marital assets. We reverse the award of alimony and remand for the trial court to reconsider this issue.
Affirmed in part, reversed in part, and remanded.
BARFIELD, KAHN, and BENTON, JJ., concur.
NOTES
[1] We also note that there was no evidence regarding the possible tax and penalty consequences to Appellant of immediately withdrawing funds from this asset.