KAHN, J.
 

 The petitioner, Stephen P. Skinner, seeks a writ of certiorari to review a decision of the circuit court, sitting in its appellate capacity. The circuit court affirmed petitioner’s county court judgment of guilt for driving under the influence (DUI). Because the circuit court departed from the essential requirements of law, we grant the writ and quash the circuit court’s decision.
 

 FACTUAL & PROCEDURAL BACKGROUND
 

 In the county court, petitioner moved to suppress critical evidence on the grounds the initial detention and arrest were unlawful, so that any evidence obtained during and after the detention and arrest— including any testimony that petitioner had operated a motor vehicle involved in the two-vehicle crash under investigation— should be suppressed. See
 
 Curry v. State,
 
 576 So.2d 890, 892 (Fla. 2d DCA 1991) (stating that evidence inextricably related, to an illegal detention must be suppressed), aff'd, 621 So.2d 410 (Fla.1993). At the suppression hearing, Trooper James Brooker testified he had answered a dispatch reporting a traffic collision. By the time Brooker got to the crash site, one victim from the other vehicle was already on the way to the hospital. Brooker observed two remaining “civilians,” the petitioner and another man, Charles. Both men were standing outside one of the vehicles, leaning against the passenger side. Brooker did not see either man inside a vehicle. The hearing transcript does not disclose the presence of any other non-law enforcement persons at the scene while Brooker was on-site.
 

 In response to a series of questions from the prosecutor, Brooker testified “Mr. Skinner’s vehicle,” a four-wheel-drive pickup truck, made a left turn on a green light. Defense counsel objected to this line of questions because the State had not laid a predicate indicating the source of the information. The trial judge “clarified” the State’s intended question as “What did you observe when you arrived at the scene?” and sustained the objection. After additional questioning of Brooker by the State, defense counsel objected on the ground
 
 *942
 
 the witness’ characterization of the truck as petitioner’s vehicle was based solely on privileged information.
 

 When asked what he had observed when he first contacted “the victim”. — whom, from the context of the questioning, we take as the petitioner — Brooker testified petitioner was leaning against the vehicle, with a strong odor of alcohol on his breath, bloodshot eyes, and slurred speech. Brooker conducted a traffic crash investigation and had petitioner remain at the scene. Petitioner averted direct eye contact and looked down while the trooper questioned him. Brooker had to ask several times what happened before petitioner responded. On the basis of his observations and investigation, Brooker arrested petitioner for DUI with damage to a person or property and took him to the county jail for testing.
 

 The State asked whether Trooper Brooker had interviewed Charles, and Brooker answered affirmatively. When the prosecutor asked whether Brooker had identified petitioner as the driver, defense counsel immediately objected based on the lack of foundation regarding the source of this information during the investigation. After extensive argument of counsel, the county court sustained the objection based on the “accident or crash report” privilege in section 316.066(7), Florida Statutes (2007), and instructed the prosecutor to proceed to the next question. The State not only failed to challenge this ruling; it never proffered on the record what testimony, if any, the trooper would have given on this critical issue.
 

 At the close of evidence, defense counsel relied on the accident report privilege to argue that, absent any admissible evidence that petitioner was the driver, Brooker lacked a legal basis to detain and arrest him for DUI. The prosecutor suggested petitioner’s proximity to the vehicle and indicators of impairment constituted circumstantial evidence he “was involved in the accident.” Concluding from the record that no competent substantial evidence demonstrated petitioner was driving or in actual physical control of the vehicle, the county court granted the motion to suppress. As shown below this order should have ended the matter, but did not.
 

 The State moved for rehearing alleging the prosecution had presented evidence the trooper interviewed “the Defendant’s passenger,” who purportedly witnessed the accident and “identified the Defendant as the driver of the vehicle.” At a hearing several weeks later, the prosecutor mistakenly recalled and stated that in the earlier proceeding, the unobjectionable testimony of Brooker established he had interviewed Charles — the purported passenger and the only other eyewitness who remained at the crash site — whose “statement” identified petitioner as the driver. The attorneys agreed the State had not subpoenaed or called Charles to testify at the suppression hearing. At a subsequent hearing, one of the prosecutors said “I’m going on the assumption that the officer said this witness told me the defendant was driving, because I do not have a transcript.” The county court announced it would consider the trooper’s testimony “as to the statement of identification of the defendant, Mr. Skinner,” as the driver as coming from a declarant whose privilege against self-incrimination was not violated. Accepting the State’s recollection that Charles had made such a statement, and rejecting defense counsel’s consistent argument that no competent substantial evidence showed who was the driver, the judge granted rehearing, reversed his prior ruling, and denied the motion to suppress. Skinner entered a plea of no contest to the DUI charge, specifically reserving his right to appeal the dispositive suppression issue.
 

 
 *943
 
 In the circuit court appeal, petitioner argued that no evidence in the record established either probable cause or even a reasonable suspicion petitioner was the driver or was in actual physical control of a vehicle involved in the accident. In its answer brief, the State pointed to Brook-er’s testimony, once again relying upon Charles’ alleged statements, and also on the trooper’s observation of the petitioner and Charles leaning against the pickup truck.
 

 The circuit court affirmed the county court’s ultimate ruling. In support of af-firmance, the circuit court relied on Brook-er’s recall of petitioner (and Charles) standing beside one of the vehicles, and the purported statement of “a person involved in the crash” that petitioner was the driver. Petitioner now invokes our discretionary certiorari jurisdiction pursuant to article Y, section 4(b)(3) of the Florida Constitution; and rules 9.030(b)(2)(B) and 9.100(a), Florida Rules of Appellate Procedure, to challenge the circuit court’s final appellate order. See
 
 Wood v. State,
 
 775 So.2d 999, 1000 (Fla. 1st DCA 2000).
 

 ANALYSIS
 

 On certiorari review of the circuit court’s appellate order, we determine only whether the circuit court afforded procedural due process and applied the correct law. See
 
 Haines City Cmty. Dev. v. Heggs,
 
 658 So.2d 523, 530 (Fla.1995);
 
 Dep’t of Highway Safety & Motor Vehicles v. Trimble,
 
 821 So.2d 1084, 1086 (Fla. 1st DCA 2002). Stated otherwise, the standard of review is whether the circuit court departed from the essential requirements of law — that is, violated a clearly established principle of law resulting in a miscarriage of justice. See
 
 Heggs,
 
 658 So.2d at 529;
 
 Combs v. State,
 
 436 So.2d 93, 96 (Fla.1983). We look for “something more than a simple legal error;” the Florida Supreme Court has described our task as examining “the seriousness of the error” and using our discretion sparingly, according to the standards set out in Combs and Heggs.
 
 Ivey v. Allstate Ins. Co.,
 
 774 So.2d 679, 682 (Fla.2000).
 

 Before detaining someone during a DUI investigation, an investigator such as Trooper Brooker must have a reasonable suspicion the detainee — here, Mr. Skinner — committed the offense. See § 901.151(2), Fla. Stat. (2007);
 
 State v. Taylor,
 
 648 So.2d 701, 703 (Fla.1995). An arrest for DUI must be supported by probable cause. See § 901.151(4);
 
 Popple v. State,
 
 626 So.2d 185, 186 (Fla.1993). Here, defense counsel cited the accident report privilege to argue the prosecution had not presented any admissible evidence to prove petitioner drove a vehicle involved in the crash. When the county court asked the State at the initial hearing what specific evidence it had presented (other than petitioner’s privileged statements) to establish he was a driver, the prosecutor relied on 1) Brooker’s testimony that he had observed petitioner and Charles standing outside leaning against the side of the vehicle and that petitioner smelled of alcohol and demonstrated other indicators of impairment, and 2) the State’s “belief’ the vehicle belonged to the petitioner. Argument of counsel does not constitute competent substantial evidence. See
 
 McLeod v. McLeod,
 
 989 So.2d 1255, 1256 (Fla. 1st DCA 2008). Given the State’s bare-bones response, the county court granted the amended motion to suppress because the State had presented no evidence to prove that petitioner had been the driver. The record supports this ruling.
 

 On rehearing, the prosecutor correctly stated the trooper testified he interviewed Charles. The prosecutor also claimed, however, that Brooker testified the passenger had identified Skinner as the driv
 
 *944
 
 er. The written transcript reveals that after the State established Brooker had interviewed Charles, the prosecutor indeed asked Brooker whether he had identified petitioner as the driver. Defense counsel immediately objected based on the lack of a foundation regarding the source of that information. Ultimately, the court sustained the objection and instructed the prosecutor to move on. Brooker never answered the question whether Charles had identified petitioner as the driver. After argument on rehearing, the county court concluded it could allow a “civilian witness” like Charles to testify whether petitioner was driving. That ruling, however, meant nothing if Charles’ purported statement to Brooker never came in as evidence. Despite Charles’ failure to provide such information, the court reversed its ruling and denied the motion to suppress.
 

 No competent substantial evidence proved petitioner was the driver. Accordingly, the county court initially ruled correctly by granting the motion. Given the lack of any additional evidence after that ruling, the county court erred in ultimately denying the motion to suppress. The record conclusively demonstrates that in reversing its ruling on the amended motion to suppress, the county court relied on the mistaken belief Brooker had presented admissible testimony to show that Charles identified the petitioner as the driver. This misapprehension of the evidence persisted in the appeal to the circuit court. “Rulings based on purely factual questions are clothed with a presumption of correctness, but must be supported by substantial competent evidence.”
 
 State v. Garcia,
 
 866 So.2d 124, 126 (Fla. 4th DCA 2004). Because the county court received no admissible evidence petitioner was the driver, it erred in denying the motion to suppress. See
 
 N.L. v. Dep’t of Children & Family Servs.,
 
 843 So.2d 996, 1003 (Fla. 1st DCA 2003);
 
 Hines v. State,
 
 737 So.2d 1182, 1184 (Fla. 1st DCA 1999). Upon appellate review, the circuit court failed to comply with the venerable legal requirement that competent substantial evidence support each of the trial court’s findings of fact — here, the finding petitioner was the driver — and thus departed from the essential requirements of law by affirming the judgment against petitioner. See
 
 Weiss v. State,
 
 965 So.2d 842, 843 (Fla. 4th DCA 2007) (stating the standard of review of the circuit court sitting in its appellate capacity is whether competent substantial evidence supports the county court’s ruling);
 
 Sunby v. State,
 
 845 So.2d 1006 (Fla. 5th DCA 2003). We GRANT the petition, QUASH the decision of the circuit court, and direct that petitioner be discharged.
 

 BENTON and ROBERTS, JJ., concur.