MORRIS, Judge.
 

 Laurence Alvin Duke petitions for a writ of certiorari to quash an order from the circuit court sitting in its appellate capacity. The circuit court order reversed a county court order granting Duke’s motion to suppress. Because we conclude that the circuit court departed from the essential requirements of the law by applying an incorrect standard of review, reweighing the evidence, and making its own credibility determination, we grant the petition.
 

 I. The Traffic Stop and Motion to Suppress
 

 In 2009, Duke was charged with driving under the influence. Duke filed a motion to suppress on the basis that the traffic stop which precipitated his arrest was not supported by reasonable suspicion.
 

 At the suppression hearing, the officer who made the initial traffic stop testified that he stopped Duke because he observed a wire hanging down in front of the license tag and because Duke drove over the white line on the side of the road and was unable “to hold that straight line.” The officer testified that all three reasons were consistent with the driver’s being impaired, but he conceded that his police report did not contain any reference to his belief that Duke was ill, tired, or impaired.
 

 The State also admitted a video recording which depicted Duke’s vehicle traveling for a short distance followed by the traffic
 
 *1157
 
 stop. Although the video contained audio of the officer reporting the stop, the officer did not report any suspicion that Duke was ill, tired, or impaired.
 

 The State conceded that case law did not support an argument that the officer had probable cause to believe that Duke committed a traffic violation based on the purported tag violation or Duke’s failure to maintain a single lane. Thus the county court confined itself to deciding whether the officer had reasonable suspicion to detain Duke.
 

 Thereafter, the county court reviewed the video three times and then made the following observations:
 

 1. The brevity of the video indicated that the officer observed Duke for only a short distance.
 

 2. The video revealed that Duke’s vehicle crossed the line twice, straddling the line for a short period of time before returning to his lane of travel.
 

 3. Most of the time, Duke operated his vehicle within his lane of travel and it was possible that the incursions over the line arose from Duke originally planning to change lanes but then changing his mind.
 

 4. No traffic appeared to have been affected and once the officer activated his lights, Duke signaled and properly pulled off the roadway.
 

 Based on the video, the officer’s report, and the testimony from the officer himself, the county court concluded that the officer’s true motivation for the stop was either the alleged tag violation or failure to maintain a single lane, both of which the State conceded were not valid bases for a stop. The county court explained that it reached this conclusion about the officer’s motivation because the officer did not articulate on the video that he believed Duke was impaired, nor did the officer mention suspected impairment in his report. The county court also concluded that there was not a sufficient deviation from the lane of travel that would have provided the officer with reasonable suspicion to believe that the driver was ill, tired, or impaired. Ultimately, the county court granted Duke’s suppression motion.
 

 The State appealed, and the circuit court reversed, finding that the county court’s order was not based on competent, substantial evidence. The circuit court concluded that based on the officer’s “uncon-troverted testimony” as well as the video, Duke’s “erratic driving behavior combined with the time of night that it occurred gave [the officer] a reasonable suspicion that [Duke] was sick, tired[,] or impaired by drugs or alcohol.”
 

 II. The Circuit Court Departed from the Essential Requirements of the Law by Failing to Apply the Appropriate Standard of Review to the County Court’s Findings
 

 A. Standard of Review
 

 Our certiorari review of an order from a circuit court sitting in its appellate capacity is limited to a determination of whether the circuit court afforded procedural due process and whether the circuit court applied the correct law.
 
 See Haines City Cmty. Dev. v. Heggs,
 
 658 So.2d 523, 530 (Fla.1995). Here, we are only concerned with whether the circuit court applied the correct law.
 

 B. A Circuit Court, Sitting in Its Appellate Capacity, May Not Reweigh the Evidence or Make Credibility Determinations
 

 “ “When reviewing a motion to suppress, the standard of review for the trial court’s application of the law to its factual findings is de novo, but a reviewing court must defer to the factual findings of
 
 *1158
 
 the trial court that are supported by competent, substantial evidence.’ ”
 
 Bautista v. State,
 
 902 So.2d 312, 313-14 (Fla. 2d DCA 2005) (quoting
 
 Cillo v. State,
 
 849 So.2d 353, 354 (Fla. 2d DCA 2003)). Thus, a “suppression order, when appealed to the circuit court, should [be] presumed correct.”
 
 Sunby v. State,
 
 845 So.2d 1006, 1007 (Fla. 5th DCA 2003);
 
 see also Bautista,
 
 902 So.2d at 314 (noting that reviewing court “ ‘must interpret the evidence and reasonable inferences and deductions derived therefrom in a manner most favorable to sustaining the trial court’s ruling’ ” (quoting
 
 Pagan v. State,
 
 830 So.2d 792, 806 (Fla.2002))). “Like the District Court of Appeal, the circuit court sitting in its appellate capacity cannot reweigh the evidence and choose to believe a state witness which the county court chose not to believe.”
 
 Sunby,
 
 845 So.2d at 1007 (citing
 
 Hart v. State,
 
 661 So.2d 54 (Fla. 2d DCA 1995);
 
 Maurer v. State,
 
 668 So.2d 1077 (Fla. 5th DCA 1996)).
 

 The State contends that the circuit court adhered to the proper standard of review because the circuit court merely corrected the county court’s misapplication of the law relating to what constitutes reasonable suspicion. We agree that if the county court’s order had been based solely on the finding that what the officer observed could not, as a matter of law, give rise to reasonable suspicion, such a finding could have been subject to reversal by the circuit court.
 
 See Beahan v. State,
 
 41 So.3d 1000, 1002 (Fla. 1st DCA 2010) (holding that issue of whether facts supported finding that officer had reasonable suspicion is a question of law which may be reviewed de novo)
 
 [1]
 
 ;
 
 Ikner v. State,
 
 756 So.2d 1116, 1118 (Fla. 1st DCA 2000) (same). However, the record reveals that the county court’s decision was based on a weighing of the evidence and a credibility determination, both of which are exclusively within the province of the county court.
 
 See Maurer,
 
 668 So.2d at 1078-79 (citing
 
 State v. Polak,
 
 598 So.2d 150, 152 (Fla. 1st DCA 1992)).
 

 The county court made it clear that it believed the officer’s true motivation in stopping Duke was either a tag violation or his failure to maintain a single lane, not that Duke was impaired. In explaining how it reached that finding, the county court, cited the fact that the police report did not reference Duke’s being impaired. The county court also noted that the officer was not heard on the video articulating such a concern. Although the county court acknowledged that it was not suggesting that the officer lied, the court stated “I think [that the failure to mention that factor] is a significant omission [because] I think that would have been a relevant factor.” Clearly then, the county court chose to disregard the officer’s testimony that he stopped Duke because he believed that Duke’s actions were consistent with impairment. The county court was free to make such a finding.
 
 See Maurer,
 
 668 So.2d at 1078-79 (holding that county courts are free to ignore or place less emphasis on certain testimony, even that of police officers and even when that is the only evidence presented);
 
 Sunby,
 
 845 So.2d at 1007 (same).
 

 
 *1159
 
 On appeal, the circuit court failed to apply the correct law in two different ways. First, the circuit court construed the county court’s order as being based on an issue of law which is evident by the circuit court’s citation to cases involving what constitutes reasonable suspicion to effectuate a traffic stop. But as we have explained, that was not the basis for the county court’s decision. Second, although the circuit court correctly noted that it was required to afford deference to the county court’s factual findings, the circuit court went on to find that the officer’s “uncon-troverted testimony and the video tape submitted into evidence” established that the officer had reasonable suspicion to effectuate the stop. Thus, contrary to the county court’s finding, the circuit court clearly credited the officer’s testimony that he initiated the stop based on Duke’s suspected impairment. In doing so, the circuit court departed from the essential requirements of the law.
 
 See Sunby,
 
 845 So.2d at 1007;
 
 see also Weiss v. State,
 
 965 So.2d 842, 843 (Fla. 4th DCA 2007) (relying on
 
 Sunby
 
 to find that circuit court departed from essential requirements of the law when it applied incorrect standard of review).
 

 We therefore grant the petition for writ of certiorari, vacate the circuit court’s opinion, and remand with directions to reinstate the county court’s order of suppression.
 

 CASANUEVA and LaROSE, JJ„ Concur.
 

 [1]
 

 . Case law is clear that a person’s continual drifting across the line and erratic driving can establish reasonable suspicion for an investigatory stop based on an officer's legitimate concern for the safety of the motoring public, such as where the officer believes the person may be impaired, sick, or tired.
 
 See State v. Davidson,
 
 744 So.2d 1180, 1180-81 (Fla. 2d DCA 1999);
 
 State, Dep’t of Highway Safety & Motor Vehicles v. DeShong,
 
 603 So.2d 1349, 1352 (Fla. 2d DCA 1992);
 
 Yanes v. State,
 
 877 So.2d 25, 27 (Fla. 5th DCA 2004);
 
 Roberts v. State,
 
 732 So.2d 1127, 1128 (Fla. 4th DCA 1999);
 
 State v. Carrillo,
 
 506 So.2d 495, 496-97 (Fla. 5th DCA 1987).