NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

KEVIN MALONE,                          )
                                       )
            Petitioner,                )
                                       )
v.                                     )        Case No. 2D15-4460
                                       )
STATE OF FLORIDA,                      )
                                       )
            Respondent.                )
_____)

Opinion filed July 8, 2016.

Petition for Writ of Certiorari to the Circuit
Court for the Twelfth Judicial Circuit for
Sarasota County; sitting in its appellate
capacity.

Brett McIntosh, Sarasota, for Petitioner.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Dawn A. Tiffin, Assistant
Attorney General, Tampa, for Respondent.


SILBERMAN, Judge.

            Kevin Malone was arrested for driving while under the influence (DUI)

based on a police officer's assessment of his level of intoxication during a traffic stop.

After he was charged with the misdemeanor offense, Malone filed a motion to suppress

in which he argued that his behavior during the traffic stop did not provide probable

cause that he had been driving while impaired.  The county court granted the motion to

suppress, but the circuit court reversed. We grant Malone's petition for certiorari and quash the circuit court's order because that court failed to apply the correct law by reweighing the evidence.

At the suppression hearing, the arresting officer testified that he had observed Malone driving erratically after midnight and conducted a traffic stop. During the stop, the officer smelled alcohol on Malone's breath and noticed he was slurring his words. The officer also observed that Malone had watery and glassy eyes. Upon further inquiry, Malone admitted that he had been out drinking but said he only had one beer and one shot. The officer administered field sobriety tests. The officer said that Malone performed poorly and became increasingly uncooperative as the tests progressed. At this point, the officer arrested Malone for DUI.

The State introduced a dash camera video and audio recording of the encounter that included everything from Malone's driving pattern to his performance on the field sobriety tests. Defense counsel argued that Malone's actions during the stop did not provide probable cause that he was intoxicated to the level of being impaired. Defense counsel asserted that Malone's speech was clear in the video and suggested that his poor performance on the field sobriety tests was the result of a breakdown in communication due to Malone's learning disabilities.

The county court agreed that the video contained no indication that Malone had slurred speech or was impaired. The court acknowledged that Malone was being "difficult" during the field sobriety testing but attributed that to Malone's learning disability. Thus, the court ruled that the officer did not have probable cause to arrest Malone and granted the motion to suppress.

On appeal, the circuit court accepted the county court's factual findings with regard to Malone's demeanor and behavior on the video. However, the court reversed based on its conclusion that the county court erred by rejecting or failing to consider testimony as to Malone's impairment that was not discernible from the video. The circuit court determined that the arresting officer's testimony that he smelled alcohol on Malone's breath, that Malone's eyes were watery and glassy, that Malone admitted to drinking, and that Malone performed poorly on the field sobriety tests provided probable cause to arrest Malone for DUI.

Malone now seeks certiorari review of the circuit court's decision. Our scope of review is limited to determining whether the circuit court afforded Malone procedural due process and applied the correct law. Duke v. State, 82 So. 3d 1155, 1157 (Fla. 2d DCA 2012) (citing Haines City Cmty. Dev. v. Heggs, 658 So. 2d 523, 530 (Fla. 1995)). At issue herein is only the latter question: whether the circuit court applied the correct law in reversing the county court's order.

As for the circuit court's standard of review of the county court's decision, the circuit court was required to afford the suppression order a presumption of correctness. Id. at 1158. The circuit court was entitled to conduct a de novo review of the county court's application of the law to its factual findings. Id. at 1157. However, the circuit court was also required to defer to the county court's factual findings as long as they were supported by competent, substantial evidence. Id. at 1157-58. The circuit court was not permitted to "reweigh the evidence and choose to believe a state witness which the county court chose not to believe." Id. at 1158 (quoting Sunby v. State, 845

So. 2d 1006, 1007 (Fla. 5th DCA 2003)). The weighing of the evidence and the determination of credibility "are exclusively within the province of the county court." Id.

We conclude that the circuit court applied an erroneous standard of review. The circuit court went beyond determining whether the video on which the county court relied presented competent, substantial evidence to support the county court's conclusions. Despite acknowledging that the county court rejected at least part of the officer's testimony, the circuit court concluded that the officer's testimony regarding Malone's demeanor and field sobriety test results established probable cause notwithstanding what was readily observable on the video. Thus, the circuit court improperly reweighed the evidence and chose to rely on the officer's testimony despite the fact that the county court declined to do so. The county court was free to rely on its credibility determination to ignore or place less emphasis on the officer's testimony and was not required to give equal weight to the officer's testimony and the video. See Sunby, 845 So. 2d at 1007.

By reweighing the evidence and conducting its own analysis of whether the totality of the circumstances supported a finding of probable cause, the circuit court failed to apply the correct law. See Weiss v. State, 965 So. 2d 842, 843 (Fla. 4th DCA 2007) ("When the circuit court found substantial competent evidence to support the stop, it applied the incorrect standard of review. . . ."). Accordingly, we grant the petition for certiorari and quash the circuit court's decision.

Petition granted; order quashed.


LUCAS and BADALAMENTI, JJ., Concur.

- 4 -