# Third District Court of Appeal
## State of Florida

Opinion filed June 12, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-2228
Lower Tribunal No. 14-27413
_____


**Tefilah O. Blatt,**
Appellant,

vs.

**Aron N. Blatt,**
Appellee.


An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Oscar Rodriguez-Fonts, Judge.

Lorenzen Law, P.A., and Dirk Lorenzen, for appellant.

Sandy T. Fox, P.A., Sandy T. Fox, and Sara E. Ross, for appellee.


Before FERNANDEZ, SCALES and GORDO, JJ.

GORDO, J.

Tefilah O. Blatt ("Former Wife") appeals a non-final order granting Aron N. Blatt's ("Former Husband") emergency motion to compel the return of the parties' two minor children to Florida and ordering emancipation of the parties' adult children. We have jurisdiction. Fla. R. App. P. 9.130(a)(3)(C)(iii). We affirm in part and reverse in part.

The Former Husband and the Former Wife were divorced in November 2015. The final judgment of dissolution of marriage incorporated a settlement agreement outlining a timesharing schedule and emancipation method[1] for their six children. The settlement agreement also contained a dispute resolution method specifically for shared parental responsibility, time-sharing and financial issues. The agreement did not include any provisions related to the relocation of the minor children. In August 2023, the Former Wife relocated to Baltimore with the parties' two minor children without consent of the Former Husband.

We find no error in the trial court's order that the children be returned where no agreement existed on relocation and where the Former Wife

---

[1] The Former Husband and the Former Wife agreed within the settlement agreement that they understood their oldest child would continue to need support past the age of eighteen and acknowledged such was a possibility for their other children as well. They agreed emancipation would only occur "when each child, as a matter of fact, emancipates as determined either by parental agreement, Rabbi Janoski and Sharon Levine, or by Court order."

removed the children from the jurisdiction without filing a petition for relocation. See § 61.13001(3), Fla. Stat. ("Unless an agreement has been entered . . . a parent or other person seeking relocation must file a petition to relocate and serve it upon the other parent, and every other person entitled to access to or time-sharing with the child."); Vickery v. City of Pensacola, 342 So. 3d 249, 253 (Fla. 1st DCA 2022) ("[T]he court may not construe an unambiguous statute in a way that would extend, modify, or limit its express terms or its reasonable and obvious implications."); DMB Inv. Tr. v. Islamorada, Vill. of Islands, 225 So. 3d 312, 317 (Fla. 3d DCA 2017) ("It is a fundamental principle of statutory construction that where the language of a statute is plain and unambiguous there is no occasion for judicial interpretation." (quoting Forsythe v. Longboat Key Beach Erosion Control Dist., 604 So. 2d 452, 454 (Fla. 1992))).

The Former Wife also argues the trial court abused its discretion in ordering the parties' adult children emancipated because it was not requested by the Former Husband in the pleadings or addressed at the hearing. We agree. See Stover v. Stover, 287 So. 3d 1277, 1279 (Fla. 2d DCA 2020) ("Courts are not authorized to award relief not requested in the pleadings. To grant unrequested relief is an abuse of discretion and reversible error." (quoting Abbott v. Abbott, 98 So. 3d 616, 617-18 (Fla. 2d

DCA 2012))); <u>Schneider v. First Am. Bank</u>, 336 So. 3d 43, 47 (Fla. 4th DCA 2022) ("[G]ranting relief which was never requested by the appropriate pleadings, nor tried by consent, is a violation of due process." (quoting <u>Wachovia Mortg. Corp. v. Posti</u>, 166 So. 3d 944, 945 (Fla. 4th DCA 2015)))).[2] We further find no evidence or testimony in the record supporting the trial court's finding of emancipation. A finding not supported by competent substantial evidence constitutes an abuse of discretion. <u>See</u> <u>McLeod v. McLeod</u>, 989 So. 2d 1255, 1256-57 (Fla. 1st DCA 2008) ("Where competent, substantial evidence does not support the trial court's factual finding, the trial court abuses its discretion.").

Affirmed in part and reversed in part.

---

[2] Upon submission of the proposed order by the Former Husband, the Former Wife promptly objected to the finding of emancipation.